SHELDON COMPANY, DEFENDANT IN CERTIORARI, v. HARLEIGH CEMETERY ASSOCIATION, PROSECUTOR.

Submitted July 7, 1905—Decided November 13, 1905.

In an action on a written contract, it is error to overrule an offer to prove that the execution of the contract by the defendant was obtained solely by the false statement of a non-existent fact.

On *certiorari* to Camden District Court.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *William C. Jones.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

GARRISON, J. This was an action brought to recover the contract price of certain advertising, the contract concerning which was in writing. When the agent of the defendant who had signed this contract was on the witness-stand, he was asked what statement had been made to him by the person who obtained his signature. This question was overruled upon the ground that what took place before the execution of the paper could not be shown.

This question and the ruling upon it were too broad to indicate any error in law. Before the matter was finally disposed of, however, the counsel for defendant, at the request of the trial court, stated specifically what he expected to prove by the witness, to wit: "I want to show, and I think I have the right to show, that the signature to this paper was obtained under a misrepresentation and the misrepresentation was that I had sent word to Mr. Rhedemeyer to sign it, and I never sent any such word, as I have so testified. Mr. Rhedemeyer would not have signed it—he says he

wouldn't have signed it if he had not received that message from me, which he supposed to be a legitimate message. (Exception noted for defendant.)"

The overruling of this offer was clearly erroneous. The effect of the excluded proof was not to vary or contradict the terms of the written contract; but, on the contrary, to show that but for the false statement of a non-existent fact such contract would not have been signed, and hence that in legal contemplation no contract had been made.

Counsel for the plaintiff argues in his brief that the defendant, after knowledge of this fraud, ratified the contract, but of this there is no mention in the judge's certificate which constitutes the case with which we have to deal. This certificate, it may be remarked, is faulty in form, but as both counsel have based their arguments upon it without objection, nothing but delay would result from sending it back for a more strict compliance with the rule.

The judgment of the District Court of the city of Camden is reversed.